UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAMDIJA (FRANK) NASUFI, individually and on behalf of all others similarly situated | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-3273-B |
| KING CABLE INC, and MANUEL GONZALES | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Frank Nasufi's Motion for Default Judgment against Defendant King Cable Inc. Doc. 79. For the following reasons, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion.

### I.

### BACKGROUND

This is a collective-action case brought pursuant to the Fair Labor Standards Act (FLSA). Nasufi alleges that he was employed by King Cable as a cable technician from December 2013 to June 2015, during which time he was not paid for all hours worked and was not paid at the lawful regular or overtime rates. Doc. 47, Am. Compl., ¶¶ 2–5, 22. Nasufi also claims that King Cable's violations of the FLSA were willful. *Id.* ¶ 6. Plaintiff's suit includes at least sixty-two opt-in plaintiffs who make the same claims. *Id.* ¶¶ 49–50; Docs. 28–42, 44 Notice of Filing Consent Forms. King

Cable filed its answer on November 30, 2015. Doc. 14, Answer. On February 3, 2017, Defendants' counsel filed a Motion to Withdraw, Doc. 54, which the Court granted after warning King Cable that, because it was a corporation, it could not proceed without an attorney. Doc. 58, Order; *see* Doc. 63 Order, 1 ("the Court held a hearing to resolve Defendants' counsel Motion to Withdraw" during which "[t]he Court . . . warned King Cable's officer that . . . it could not proceed without an attorney). Defendants' counsel also withdrew as to Defendant Manuel Gonzales, but as an individual Mr. Gonzales was allowed to proceed pro se. Mr. Gonzales then filed for bankruptcy, which stayed proceedings against him. Doc. 65, Notice of Bankruptcy.

Since King Cable's counsel withdrew, King Cable has failed to retain new counsel or to respond or otherwise defend itself. Therefore, Nasufi moved to strike King Cable's answer. Doc. 59, Mot. to Strike. The Court granted Nasufi's Motion to Strike and ordered him to file a Motion for Default Judgment. Doc. 63, Order. Nasufi filed his Motion for Default Judgment on May 26, 2017, Doc. 79, and the clerk entered default the same day, Doc. 78. Nasufi's Motion is ripe for review.

## II.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(b). That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the

district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *Id.* First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> [1] whether material issues of fact are at issue; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, courts are to assume that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, a "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine "what form of relief, if any, the [plaintiff] should receive." *1998 Freightliner*, 548 F. Supp. 2d at 384. Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). But if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is

unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

A.   *Whether Default Judgment is Appropriate*

After reviewing Nasufi's Motion in light of the six *Lindsey* factors, the Court determines that default judgment is procedurally warranted. First, although King Cable filed an answer in this case, that answer has subsequently been struck from the record. Thus, there are no material facts in dispute as to King Cable. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, King Cable's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex, Oct. 5, 2011). Third, the grounds for default are "clearly established," as King Cable has not responded to any part of the proceedings since March 2017. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding that "[d]efault judgment is appropriate if defendants are 'totally unresponsive' and the failure to respond is 'plainly willful, as reflected by [the parties'] failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment'" (quoting *Cumins Ins. Soc'y, Inc. v. Billups*, No. 10-1478, 2010 WL 4384228, at *2 (D.D.C. Nov. 4, 2010))). Fourth, there is no evidence before the Court to indicate that King Cable's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Plaintiff seeks only the relief to which he is entitled under the FLSA, mitigating the harshness of a default judgment against King Cable. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by King Cable.

*See id.* Therefore, the Court concludes that default judgment is procedurally warranted.

B.   *Whether There is a Sufficient Basis for Judgment in the Pleadings*

Due to its default, King Cable is deemed to have admitted the allegations against it set forth in the Complaint. Nonetheless, the Court must review the pleadings to determine whether Nasufi can establish a viable claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206.

Nasufi alleges that King Cable failed to pay him for all the hours he worked and failed to pay him the correct regular and overtime rates of pay. Doc. 47, Am. Compl. ¶¶ 4–5.  Under the FLSA, an employer must pay employees a minimum wage per hour and must compensate an employee "for his [overtime hours] at a rate not less than one and one-half times the regular rate at which he is employed" when the employee works more than forty hours in a workweek.  29 U.S.C. §§ 206(a)(1), 207(a)(1).  Thus, Nasufi's allegations as to King Cable, which the Court accepts as true based on King Cable's default, establish violations of the FLSA. *See Nishimatsu Constr.*, 515 F.2d at 1206. Consequently, the Court finds that there is a sufficient basis for default judgment against King Cable in Nasufi's pleadings.

C.   *Damages*

Nasufi seeks unpaid wages and liquidated damages for himself and sixty-two opt-in plaintiffs, attorneys' fees and costs, and pre and post-judgment interest. Doc. 79, Pl.'s Mot. for Default J., 6–9. The Court declines to award damages at this juncture because a decision on the merits has not been reached as to Defendant Gonzales. Normally, when there are multiple defendants only one of whom is in default, the Court will withhold even granting default judgment until a decision on the merits has been reached as to the remaining defendants. This is because a default judgment against one of multiple defendants could result in inconsistent or illogical judgments that would be unfair to the

non-defaulting defendants. *Metropcs v. PC-Wiz Corp.*, No. 3:16-CV-0442-B, 2017 WL 131696, at *6 (N.D. Tex. Jan. 13, 2017); *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). But the proceedings against Mr. Gonzales are stayed in this case. Thus, unlike in other cases, the defaulting defendant has brought the entire adversary process to a halt and it is unclear when a decision on the merits might be reached. Therefore, in order to avoid prejudice to Nasufi and because, as explained above, the remaining factors also point toward awarding default judgment, the Court finds default judgment appropriate.

But the Court still has concerns about unfairness to the non-defaulting defendant. Nasufi alleges that Mr. Gonzales was the president and owner of King Cable and participated in its day-to-day operations. Doc. 79, Am. Compl., ¶17. Although the Court has not ruled on the merits of Nasufi's allegations about Mr. Gonzales at this point, if Mr. Gonzales were found to be "'a corporate officer with operational control of a corporation's covered enterprise,'" he would be "'jointly and severally liable under the FLSA for unpaid wages.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983)). Therefore, if the Court were to determine the amount of damages for which King Cable is liable now, Mr. Gonzales might be liable for those damages as well, without ever having the opportunity to litigate the issue. Thus, the Court will delay determining damages until a decision on the merits has been reached as to Mr. Gonzales.

## IV.

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Default Judgment. Doc. 79. The Court grants default judgment as to Defendant King Cable but

withholds ruling on the damages issue until a decision on the merits has been reached as to Defendant Gonzales.

      SO ORDERED.

      SIGNED: December 19, 2017.

                                              _____
                                              JANE J. BOYLE
                                              UNITED STATES DISTRICT JUDGE